PIERCE, Justice,
dissenting:
¶ 18. I respectfully dissent from the majority’s decision finding that the probative value of exhibit 39 was outweighed by its prejudicial effect.
¶ 19. In McNeal v. State, although this Court found that the photographs were inadmissible, this Court went on to state the following:
In arriving at the finding above, we do not presume to conclude that every gruesome photograph admitted into evidence constitutes an abuse of discretion; however, when presented with photographs such as the ones in this case, we caution the trial judge to carefully consider all the facts and circumstances surrounding the admission of this particular type of evidence. More specifically, the trial court must consider: (1) whether the proof is absolute or in doubt as to identity of the guilty party, as well as, (2) whether the photographs are necessary evidence or simply a ploy on the part of the prosecutor to arouse the passion and prejudice of the jury.
McNeal v. State, 551 So.2d 151, 159-60 (Miss.1989). This Court also stated, “... it is sufficient to say that these are some of the most gruesome photographs ever presented to this Court.” Id. This Court stated that it would not describe every “morbid detail” of the photographs, but we do know that there were three photographs of a maggot-infested skull. Id. The case before us also involves the admission of a photograph depicting a maggot-infested skull, which is, without a doubt, unpleasant. However, it is not presently one of the most gruesome photographs that this Court has seen, regardless of its seemingly distinct similarities to the photograph in McNeal. Id.
¶ 20. For the sake of brevity, I will not include an exhaustive list of each time this Court has upheld the admissibility of unpleasant, and even gruesome, photographs. McNeal v. State is a rare occasion in which this Court found photographs to be more prejudicial than probative, because this Court has stated that photographs should be admitted if they “... have evidentiary value when they aid in describing the circumstances of the killing, the location of the body, the cause of death, or clarify or supplement a witness’s testimony.” Chamberlin v. State, 989 So.2d 320, 341 (Miss.2008) (citing Simmons v. State, 805 So.2d 452, 485 (Miss.2001)). Here, the State used the photograph to disprove one of Bonds’s stories, in which the victim had accidentally shot himself in the back of the head. It should also be noted that the trial court found two photographs to be inadmissible based on the defenses’s offered stipulation as to the cause of death, which would have rendered their admission more prejudicial than probative.
II21. Further, there is nothing to support that the photograph was a ploy on the *922 part of the State. On the contrary, the record reveals that during voir dire, the State represented to the potential jurors that photographs would be presented that would depict the body after some time had passed, including “... severe decomposition, as well as some insect involvement. ...” The State went on to instruct the potential jurors to raise their card if those photographs would affect their ability to decide the defendant’s guilt or innocence based on all of the evidence or on whether the State proved its case beyond a reasonable doubt. The record reflects that no jurors indicated that they would be persuaded based solely on unpleasant photographs. The United States Court of Appeals for the Fifth Circuit determined that similar questioning to potential jurors, during voir dire, aided in limiting any prejudicial impact on the jury. United States v. Collins, 368 Fed.Appx. 517, 523 (5th Cir.2010) (The court found the probative value of six photographs outweighed the prejudicial effect, even though they were “shocking and gruesome.” The photographs depicted the victim, as found at the crime scene and during autopsy, without a head and without hands).
¶ 22. Accordingly, I would find that the probative value of the photograph outweighed any prejudicial effect, as it described the circumstances of the killing and the cause of death, and it also disproved one of Bonds’s many versions of events. Chamberlin, 989 So.2d at 341 (citing Simmons, 805 So.2d at 485). Also, the photograph was referenced by the forensic pathologist, and the trial court sufficiently conducted a Rule 403 balancing test on the record. Chamberlin, 989 So.2d at 341 (citing Simmons, 805 So.2d at 485); Miss. R. Evid. 403. Lastly, I would find that any potential prejudicial effect was overcome by the State specifically addressing the issue during voir dire. Collins, 368 Fed. Appx. at 523.
RANDOLPH, P.J., AND CHANDLER, J., JOIN THIS OPINION.